WILLIAM S. KNIGHT & another *vs.* JAMES PEACOCK.

Worcester.    Oct. 1. — Dec. 4, 1874.    COLT & MORTON, JJ., absent.

In an action upon a contract, into which the defendant alleges that he was induced to enter by the plaintiff's false and fraudulent representations, the defendant may be asked on his direct examination, "What induced you to sign the papers and complete the contract?"

CONTRACT for commissions on the sale of certain property by the plaintiffs, as real estate brokers, for the defendant. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the plaintiffs represented that they had raised $1500, which the defendant could have by giving a mortgage upon the property for which he was to exchange his property; that this representation was false; that it induced the defendant to make the trade for effecting which the plaintiffs claimed commissions; and that the defendant made the trade and executed the papers. The defendant's counsel asked the defendant, while testifying as a witness, "What induced you to sign the papers and complete the trade?" To this question the plaintiffs' counsel objected, but the judge overruled the objection, and the witness answered that he signed the papers and completed the trade because of the representation of the plaintiffs that the money had been raised by them. The jury found for the defendant, and the plaintiffs alleged exceptions.

*H. B. Staples*, for the plaintiffs.

*F. T. Blackmer*, for the defendant.

AMES, J. It may be gathered from the report of the case, that the plaintiffs had sold certain real estate belonging to the defendant, which had been paid for, in whole or in part, by taking certain other real estate in exchange. In answer to their claim for commissions upon this transaction, the defendant insists that the exchange in question was but a part of the service which they had undertaken to render. He contends, and offered evidence tending to show, that another and important part of their contract was to secure to him a loan to the amount of $1,500 upon the property which should come to his hands by that exchange. He insists also that this proposed loan was the real and effect-

ive inducement that influenced him to make the exchange. No objection was taken at the trial that this course of defence was not open to him under his answer; and for that reason it is not to be considered as a question of pleading. The only question raised by this bill of exceptions is in regard to the propriety of the inquiry as to the considerations or causes that induced the defendant to sign the papers and complete the trade. As the course of the trial raised the question whether any false or fraudulent representations had been brought to bear upon him, we see no objection to the inquiry in its general and comprehensive form. If he had been induced to sign the papers by a false and fraudulent assurance that the proposed loan had been obtained, a question what induced him to sign them was well calculated to bring out the fact, and was in form unobjectionable.

*Exceptions overruled.*