ADOLPHUS J. BARTLETT v. A. P. FALK, Appellant, D. J. HUTCHINSON *et al.,* Defendants.

**Fraud:** ADMISSIONS: *Evidence.* In an action to recover damages for false and fraudulent representations concerning the character of
1 land purchased by plaintiff, by reason of which he was induced to purchase, at an exhorbitant price, testimony of a witness as to what defendant, after the sale, told him he had represented to plaintiff concerning the land, was admissible.

EVIDENCE: *False representations.* In an action for false and fraudulent representations concerning the character of the land, which plaintiff was induced to purchase by reason thereof, it was not
2 erroneous to permit plaintiff to testify that he was induced to buy the land by reason of the representations of the defendant that it was land of a certain character.

DIRECTION OF WITNESS BY COURT It was not erroneous for the court
1 to direct a witness to testify concerning a material matter, provided such evidence is admissible.

**Joint Defendants; VENUE:** *Good faith.* In an action against defendants for false and fraudulent representations, whereby they induced plaintiff to purchase land at an exorbitant price, where it was alleged that they acted together by preconcerted agreement, it was not error to instruct the jury that they might find a verdict against one of the defendants alone, who lived in a county other than the county wherein the action was brought, where it does not appear that the other defendants living in the county where the action was brought were joined merely to fix the venue of the action in such county.

*Appeal from Fremont District Court.*—HON. N. W. MACY, Judge.

THURSDAY, JANUARY 25, 1900.

THIS action was commenced against A. P. Falk, Calvin Reese, and D. J. Hutchinson, defendants, to recover damages for alleged false and fraudulent representations concerning the title, kind, and quality of certain land which the plaintiff was induced, by said representations, to take and pay for. Plaintiff alleges that the defendants, acting together, by arrangement preconcerted between them, made said false representations to induce plaintiff to take said land at an exorbitant price, and that he was thereby induced to do so, to his damage ten thousand dollars. The defendants answered, denying the alleged conspiracy, misrepresentations, and damage, and, upon trial had, the jury found in favor of the plaintiff against the defendant A. P. Falk in the sum of eight hundred and sixty-two dollars and fifty cents, and in favor of the defendant Reese. Verdict having been directed in favor of the defendant Hutchinson, judgment was rendered on the verdict, and defendant A. P. Faulk appeals.—*Affirmed.*

*Mayne & Hazelton* for appellant.

*W. E. Mitchell* for appellee.

GIVEN, J.—I. Appellant complains of certain rulings and actions of the court in taking the testimony. A witness

was permitted to testify in chief to what appellant told him he had represented to the plaintiff as to the land. The complaint is that this was after the contract had been fully made; but that is no reason why the statements of Falk, as to what he had represented to the plaintiff concerning the land, should not be admitted, nor was there any error in the court directing this witness to state what Falk said to him as to the representations he had made to Bartlett about the land. Plaintiff was permitted to testify that he was induced to buy the land by the representations that had been made to him that it was second bottom land, and never overflowed. While, in a sense, the answer is a conclusion of the witness, yet, under repeated rulings of this court, it was competent for the witness to testify as to what induced him to take the land.

II. Some complaint is made against the instructions, but the only one requiring notice is that directing the jury that it might find against the defendant Falk alone. It is insisted that Falk did not reside in Fremont county, and that Reese, a resident of that county, was made a defendant; that the suit might be brought therein. So far as appears, the suit was brought against both parties in good faith, and thereby the court acquired jurisdiction. There was no error in the instruction.

The further claim is made that the verdict is not sustained by the evidence, under the instructions. We think there is ample evidence to support the verdict, and that it is in harmony with the instructions. Our conclusion is that the judgment is correct, and it is therefore AFFIRMED.

GRANGER, C. J., not sitting.