Argued February 27, affirmed March 19, 1918.

# RUMBAUGH v. SETTLEMEIER.*

(171 Pac. 560.)

**Partnership—Fraud.**

1. Where plaintiff was fraudulently induced to enter into a partnership with two others, and was induced by one partner to exchange her interest to him for land, she has no cause of action in rescission against the partnership until she can first prevail in suit to rescind the second contract.

**Vendor and Purchaser—Fraud—Value.**

2. Statements by vendor of land as to value of land and the prospective value of fruit crops are merely expressions of opinion, but a statement as to number of trees is a representation of a material fact.

[As to representations by vendor as to value of property, see notes in 15 Am. Rep. 382; 18 Am. St. Rep. 556.]

**Vendor and Purchaser—Misrepresentations by Vendor—Proof.**

3. Plaintiff in action to rescind sale of land, *held* to have failed to sufficiently establish false representations of the vendor as to the number of fruit trees on the land.

From Wasco: WILLIAM L. BRADSHAW, Judge.

Department 1.   A synopsis of the facts narrated in the complaint is about as follows: In December 1911, plaintiff entered into contracts with defendants Settlemeier and Riggs, as partners, for the purchase of two pieces of land in what is called "Fairbanks Orchard Tracts," upon which she subsequently made payments to the extent of $3,000. In the autumn of 1913, she returned to Oregon and on October 6th, entered into an agreement with Riggs whereby she was to purchase about 53 acres of productive orchard land from his home place three miles from The Dalles at the price of $400 per acre, making at the time a payment of $590 by check, and assigning to Riggs her two contracts for

---

*On effect of purchaser's concealment or misrepresentation of fact affecting the value of real estate, see note in 30 L. R. A. (N. S.) 748.

REPORTER.

lands in "Fairbanks Orchard Tracts," for which she was to receive a credit in the full amount she had paid thereon. It is also alleged that she was induced to enter into the contracts for the Fairbanks Tracts by the fraudulent representations of Settlemeier and Riggs and their agents, and the alleged false statements are set out in detail. It is further asserted that the false representations of defendant Riggs induced her to enter into the contract for the purchase of the 53 acres of productive orchard land from him. The summary of the fraudulent statements in the latter transaction is as follows: That the land was worth $400 per acre; that there was upon the land, 1,000 cherry trees, 2,000 peach trees and 1,000 apricot trees; that the yield of fruit, regardless of variety, would be 100 pounds per tree and that the total crop would be worth at least $6,000 annually, and that a reasonable estimate of the cost of cultivation of the trees and harvesting the crop would not exceed $1,000 per year. It is alleged that these statements were false, in that there were only 432 cherry trees and only 800 apricot trees; that the land is not worth more than $250 per acre, and that the annual net profit from the operation of the orchard is not in excess of $2,500. There is an allegation of a demand for rescission of all the contracts referred to; an allegation that with knowledge of plaintiff's demand, Riggs assigned the Fairbanks contracts to defendant Childers, who took the same with knowledge of all the facts. There are other statements in the complaint which are not necessary to a consideration of the case.

The defendant Settlemeier demurred to the complaint upon the grounds that several causes of suit are improperly united, in that there is one based upon a contract with Settlemeier and Riggs as partners,

and another arising upon a contract with Riggs individually, and a second ground is based upon the allegation in the complaint that the contracts with the partnership had been assigned by plaintiff to Riggs. There is also a general demurrer. The defendants Riggs and Childers filed a joint demurrer to the same effect. The demurrers having been overruled, the defendants joined issue, and a trial being had, there was a decree for defendants from which plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Francis V. Galloway.*

For respondents there was a brief over the name of *Messrs. Manning, Slater & Leonard,* with oral arguments by *Mr. Woodson T. Slater* and *Mr. Paul W. Childers, in pro. per.*

BENSON, J.—1. The complaint contains two distinct causes of suit, of which one is against the partnership of Settlemeier and Riggs, in relation to the purchase of the Fairbanks lands, and the other against Riggs alone, in connection with the purchase of 53 acres of his orchard land on Three Mile Creek. It is alleged that plaintiff assigned her interest in the Fairbanks lands to Riggs as a part of the purchase price in the latter transaction, and there is not a word in the pleading which connects Settlemeier with this contract in any manner. Under such a state of facts the plaintiff could not, in any event, have a cause of suit against the partnership, unless she could first prevail in a suit to rescind the contract in connection with which she had assigned the contracts for the Fairbanks land. We are not now called upon to say what her rights might be under such circumstances; but it is clear that,

as the matter now appears, the demurrer of the defendant Settlemeier should have been sustained, and such an order will be entered here. With this, we dismiss from consideration all matters connected with the alleged fraud in the negotiations for the Fairbanks lands.

We think as to the later transaction with Riggs the complaint does state a cause of suit and, as a sequence, the demurrer of Riggs and Childers was properly overruled.

2, 3. This brings us to an investigation of the second cause of suit upon the merits. It may at first be remarked that the allegations as to the value of the land and the prospective value of the future crops of fruit could be, at the most, expressions of opinion and speculation as to matters necessarily dependent to some extent upon future weather and market conditions, and therefore not actionable. It may also be remarked that these alleged fraudulent misrepresentations are not established by a preponderance of the evidence. The allegations as to the number of fruit trees of each variety are in a different category, since, if supported by the evidence, they constitute a misrepresentation of an existing and pertinent fact. The evidence is conflicting in regard to what was said by Riggs regarding the number of each kind of trees. Plaintiff's testimony, which is corroborated by her daughter, is to the effect that he told her there were 1,000 cherry trees, 1,000 apricot trees and 2,000 peach trees. Riggs says that he told her that he did not know the exact number of each, that he had never counted them, but that there were about 8 acres of cherries, a little over 20 acres of peaches and about 10 acres of apricots. He further testifies that he pointed out to her where the line would run through the

orchard dividing the portion to be purchased by plaintiff from the 50 acres to be retained by him, and that he told her he thought he had about 1,000 cherry trees in his orchard, and that probably half of them would be found in her part of it. In this he is corroborated by his wife who testifies that she heard Riggs tell plaintiff that the entire orchard contained about 1,000 cherry trees. Plaintiff spent three days on the premises and inspected the orchard before purchasing. She also testifies that prior to entering into the contract she counted eight rows of the cherry trees, evidently as a basis for computation, and also counted the peach trees. She also testifies that she had definitely determined to rescind the contract before she learned the true number of trees.

After a careful consideration of all the evidence we think the trial court made no mistake in deciding that plaintiff had failed to establish her cause of suit by a preponderance of the evidence. The decree is therefore affirmed.    AFFIRMED.

McBRIDE, C. J., BEAN and BURNETT, JJ., concur.