Argued January 19, affirmed February 8, rehearing denied March 8, 1921.

# BAGLEY CO. *v.* INTERNATIONAL HARVESTER CO.

(195 Pac. 348.)

**Evidence—Parol Evidence Rule not Applicable Where One Party is Stranger to the Instrument.**

1. Section 713, Or. L., excluding parol evidence of a written instrument, does not apply in an action between one of the parties to the instrument and a stranger who is not bound thereby, but in such case the written instrument has only the effect of any other declaration and may be contradicted by parol.

**Appeal and Error—Exception to Cross-question by Court Without Request for Ruling Presents No Error.**

2. An exception to a cross-question asked by the court without giving any reason for the exception and without request that the

---

1. Application of parol evidence rule to strangers to contract, see notes in 8 Ann. Cas. 347; L. R. A. 1916A, 592.

court withdraw the question or instruct the jury to disregard it presents no error requiring reversal.

**Appeal and Error—Legal Exception Necessary to Present Error.**

3. Only error which is legally excepted to can be used to defeat a judgment.

**Appeal and Error—Sustaining Objection to Question not Prejudicial in Absence of Expected Answer.**

4. Even if it was error to sustain an objection to a question asked a witness, that error is harmless where the record does not show what was expected to be proved by the answer to the question.

From Washington: JOHN P. KAVANAUGH, Judge.

Department 1.

The parties to this action are corporations. The plaintiff exists by virtue of the laws of Oregon, and the defendant by those of Wisconsin. The substance of the complaint is that in April, 1918, the defendant sold to the plaintiff a Mogul tractor for a price paid by the plaintiff. As the defendant knew at the time, the machine was purchased for use in general farm work, was guaranteed by it to be capable of performing all ordinary and general tasks of that kind, and particularly of pulling three 14-inch plows in gang. It is averred that the warranties were broken in that the tractor would not perfom the work it was guaranteed to do, all to the damage of the plaintiff in the full purchase price of the machine.

The sole defense was the general issue. With the pleadings in this form, a jury trial resulted in a verdict and judgment in favor of the plaintiff, from which the defendant appeals. . .    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Bartlett Cole.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. R. F. Peters.*

BURNETT, C. J.—1. There are many assignments of error, but with only two exceptions, they center around the proposition that the court blundered in allowing oral testimony to show that the plaintiff contracted with the defendant instead of the Hillsboro Mercantile Company. The situation is thus explained: The president of the plaintiff as a witness gave oral testimony of a transaction for the purchase of a tractor negotiated by himself, on the one hand, and the field agent of the defendant, on the other. As part of his cross-examination there was introduced an order signed by the witness and addressed to the Hillsboro Mercantile Company, calling for the purchase by the witness of the tractor in question. By the same means there was put in evidence a printed statement signed by the witness, acknowledging in effect that the warranty given on the machine had been fulfilled and satisfied. Likewise, a check signed by the witness, payable to the order of the Hillsboro Mercantile Company for 90 per cent of the purchase price, and a sale contract and order signed by the Hillsboro Mercantile Company and addressed to the defendant, for the purchase of the tractor, were put in evidence by the defendant. In other words, the defendant introduced these writings for the purpose of showing that the transaction consisted in the purchase of the machine by the Hillsboro Mercantile Company from the defendant, and the sale by the former to the plaintiff under certain warranties expressed in the writings, none of which corresponded to the allegations of the complaint, and that the transaction, whatever it was, took place between the plaintiff and the Hillsboro Mercantile Company and did not include the defendant. The latter relies upon Section 712, Or. L., reading thus:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered

as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing,'' with certain exceptions not material to the present inquiry.

Under this section the defendant contends that the sole and exclusive evidence of the contract is embodied in the writings mentioned, beyond contradiction by the plaintiff.

The latter maintains that, inasmuch as the transaction narrated in the writings took place between its president as an individual, and the mercantile company, it is not binding between the plaintiff, as a corporation, and the defendant, both of whom were strangers to the writings. The controversy is solved by due attention to this clause of the section, ''between the parties and their representatives or successors in interest.'' As to such individuals alone, is the statute conclusive. It has been decided several times in this state that the precept embodied in the statute is not applicable between strangers to the instrument in question or between one of the parties thereto and such stranger. The principle is thus stated in 22 C. J. 1292:

''The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between parties to the instrument and those claiming under them. It has no application in controversies between a party to the instrument, on the one hand and a stranger to it, on the other, for the stranger, not having assented to the contract is not bound by it, and is therefore at liberty when his rights are concerned to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to the instrument, must be equally free to do so.''

The text is supported by some hundreds of citations coming from nearly every state in the Union. The doctrine is also taught by the following precedents in this court: *Pacific Biscuit Co.* v. *Dugger,* 42 Or. 513 (70 Pac. 523); *Smith* v. *Farmers & Merchants' Nat. Bank,* 57 Or. 82 (110 Pac. 410; *Zimmerle* v. *Childers,* 67 Or. 465 (136 Pac. 349); *Robison,* v. *Oregon Wash. R. & N. Co.,* 90 Or. 490 (176 Pac. 594). The reason of the rule is that to be conclusive in litigation a contract must be binding upon both litigants. The obligation must be mutual, else there is no contract. If one party is not bound, neither is the other. When the cause on trial is between individuals one of whom is a stranger to the instrument, it may be introduced in evidence to contradict the litigant party who signed it; but in such a case it is no more than any other inconsistent declaration of the party. It may be explained, varied, or contradicted by him in such an action. It becomes, then, merely a question of fact for the jury to determine, whether or not the witness party is speaking the truth in testifying, and this may be affected, so far as the jury may determine, by his contradictory statements embodied in the contract offered in evidence.

2, 3. Another error is predicated upon the conduct of the trial judge, occurring when the field agent of the defendant was being cross-examined. The judge himself, on his own motion, took part in the cross-examination, winding up with this question: "How would you feel if you had sold a tractor to a customer and when it was put to the test, it would not pull the plow?" At this point, quoting from the bill of exceptions, "the defendant objected to the examination being made by the court, and the court made no ruling thereon." No reason for the exception is given.

As disclosed by the bill, it was merely a captious objection. It does not appear that the court was asked to withdraw the question from the jury or directly to instruct it to disregard it. It is much like some examples of objecting to the conduct of counsel, without taking a ruling of the court on the subject. As no decision was made, there is no fault apparent in the record on that assignment. Moreover, only error which is legally excepted to can be used to defeat a judgment. This has been the procedure in this state since *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309).

4. The defendant says also that the court was wrong in refusing to allow its field agent to answer this question: "Did you ever help the Hillsboro Mercantile Company make any sales besides this?" No showing of what was expected to be proved by the answer to this question appears in the bill of exceptions. So far as disclosed by the record, this specification, if error at all, is negligible.

In brief, on the principal question the plaintiff was not concluded in this action by the writings growing out of its transaction with a stranger to the litigation, and hence there was no error in allowing oral testimony on that subject. The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, BENSON and HARRIS, JJ., concur.