Argued October 20, affirmed October 28, 1921.

## SCOTT ET AL. v. WALLACE ET AL.

(201 Pac. 542.)

**Fraud—Remedies of Defrauded Purchaser.**

1. Purchaser, having been induced to enter into a contract by fraud, may; upon discovery of the fraud, either affirm the contract and sue for damages, or disaffirm it and be reinstated in the position in which he was before it was consummated, but cannot avail himself of both remedies.

**Vendor and Purchaser — Purchaser to Rescind Contract must Promptly Restore Consideration.**

2. Purchaser to rescind contract for fraud must act promptly and return or offer to return what he has received under the contract.

**Fraud—Measure of Damages for False Representations Stated.**

3. The measure of damages for false representations inducing exchange of property is the difference between the market value of the property parted with by the person defrauded and the market value of the property received by him.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

Claiming that there is an unpaid balance thereon due from the defendants to him, L. S. Scott and his wife as plaintiffs bring this suit to foreclose a contract whereby the defendants agreed to purchase from L. S. Scott a tract of 150.04 acres of land in Lane County. The agreement is admitted by the defendants and in substance is, that they agreed to exchange a tract of 17 acres for the larger tract of 150.04 acres, taking the latter property subject to a mortgage of $4,000 and agreeing to pay $4,000 in addition thereto; as evidence of which they gave their note

2. On necessity for placing in *statu quo* on rescission of contract for sale of land, see note in 30 L. R. A. 66.

3. On measure of damages for fraudulent representation in the sale or exchange of real estate, see notes in 123 Am. St. Rep. 776; 15 Ann. Cas. 458; 8 L. R. A. (N. S.) 804; 16 L. R. A. (N. S.) 818.

to Scott dated June 24, 1919, and due September 1st of that year, for $4,000 with interest at 8 per cent per annum from its date until paid. It appears that the defendants conveyed to the plaintiffs the seventeen-acre tract and, as the contract provided, the latter put into escrow for the defendants a deed to the 150.04 acres, to be delivered on payment of the note. When the note matured, defendants refused to pay it; hence this suit to foreclose the contract.

The defendants essay to counterclaim in damages on the ground that the plaintiffs fraudulently represented that there were 90 acres of the land under cultivation, whereas in fact there were but 65 acres; that there were said to be 70 acres of growing wheat thereon, when the area thereof was only 37.37 acres; and that the plaintiff L. S. Scott represented that there was no rock on the land except three piles of loose rock on the cultivated land, whereas in truth the land under cultivation is full of rock, both loose and in boulders and ledges. The damages claimed by the defendants on account of the various alleged misrepresentations amount to $4,500. As a further counterclaim, the defendants allege that the plaintiffs represented that the land was free of encumbrance except the $4,000 mortgage mentioned, whereas in fact there was an additional mortgage of $204.56 upon which had been paid $23.34. The reply traversed the allegations of fraud and averred new matter not necessary to be considered.

The Circuit Court heard the testimony and made findings of fact and conclusions of law to the effect that the defendants were not damaged in any sum, because they had received full value for all they had parted with and agreed to pay, but that they were

entitled to an abatement of the purchase price in the sum of $181.22, that being the amount unpaid on the mortgage of $204.56, and entered a decree of foreclosure, from which the defendants appeal.

                              Affirmed.

For appellants there was a brief over the names of *Mr. M. Vernon Parsons* and *Messrs. Williams & Bean*, with an oral argument by *Mr. John M. Williams*.

For respondents there was a brief and oral argument by *Mr. Charles A. Hardy.*

BURNETT, C. J.—1, 2. The defendants agreed to buy the land on the terms specified in the contract. In respect to the question of fraud in such cases the rule has been established in this state by the leading case of *Scott* v. *Walton,* 32 Or. 460, 464 (52 Pac. 180), in this language:

"A party who has been induced to enter into a contract by fraud, has, upon its discovery, an election of remedies. He may either affirm the contract, and sue for damages, or disaffirm it, and be reinstated in the position in which he was before it was consummated. These remedies, however, are not concurrent, but wholly inconsistent. The adoption of one is the exclusion of the other. If he desires to rescind, he must act promptly, and return or offer to return what he has received under the contract. He cannot retain the fruits of the contract awaiting future developments to determine whether it will be more profitable for him to affirm or disaffirm it. Any delay on his part, and especially his remaining in possession of the property received by him under the contract, and dealing with it as his own, will be evidence of his intention to abide by the contract."

3. In this case the defendants have remained in possession of the land in question and there is no pretense that they have offered to return it to the plaintiffs. Called upon to pay the balance due on the purchase price, they have adopted the alternative of affirming the contract and counterclaiming for damages for the alleged fraud. The rule upon the question of damages is thus stated in *Ward* v. *Jenson,* 87 Or. 314, 317 (170 Pac. 538):

"It is settled in this state that in an action to recover damages for false representations inducing an exchange of property, the measure of damages is the difference between the market value of the property parted with by the person defrauded and the market value of the property received by him": Citing numerous authorities.

With these rules of law established, as they are, by a long list of precedents, the question resolves itself into one of fact, whether or not the defendants have been damaged. The query is, whether their alleged damage, when tested by the standard of *Ward* v. *Jenson, supra,* amounts to something or nothing.

The Circuit Court, having met the witnesses face to face and having heard them testify, has arrived at the conclusion that in the final analysis the defendants received full value for what they gave and promised to pay. A careful reading of the paper record before us induces the conclusion that the decision of the Circuit Court is sustained by the preponderance of the testimony. The trial judge was in a far better position to determine this question of fact than we who have before us only the cold lines of the printed record. But we are the more ready to affirm his decision because the data before us convinces us that the question of fact was rightly decided.

Computing the amount due upon the note given by the defendants, the court deducted what was due and unpaid upon the second mortgage on the land in question, and entered judgment for the balance and for attorneys' fees in the sum of $300. Arriving at the same conclusion on the hearing *de novo,* the decree will be that the plaintiff L. S. Scott will recover from the defendants the net balance due upon the note as thus computed, together with attorneys' fees of $300; that unless this balance is paid within ninety days from the filing of the mandate in the Circuit Court, the land shall be sold for the satisfaction of the amount due on the decree, and the costs and charges of sale, and if any surplus remain, it shall be paid to the defendant Ida A. Wallace, as it is admitted that she was to have the title to the land; and that neither party recover costs or disbursements in this court or in the Circuit Court.                    AFFIRMED.

McBRIDE, HARRIS and BROWN, JJ., concur.