Submitted on briefs January 29, affirmed March 10, rehearing denied April 7, 1925.

# EDWARD E. BOORD v. L. R. KAYLOR.

(234 Pac. 263.)

**Appeal and Error—Determination on Former Appeal of Sufficiency of Complaint Law of Case.**

1. Determination on former appeal of sufficiency of the complaint is the law of the case on second appeal.

**Evidence—Plaintiff may Explain Why He Made Check to Another Than Defendant.**

2. Plaintiff suing for fraud may explain why he made his check to another than defendant.

**Evidence—Plaintiff, Alleging Fraud, may Testify What Induced Him to Act.**

3. Plaintiff, suing for fraud, and alleged he relied on defendant's representations, may testify what induced him to make a filing on land.

**Appeal and Error—Sustaining Objections to Questions not Prejudicial in Absence of Showing of Answers Expected.**

4. Sustaining objections to questions cannot be said to have been prejudicial; counsel not having made a showing of what was expected to be proved by answers, and having same incorporated in bill of exceptions.

**Fraud—Defendant Liable, Though not Receiving Benefit.**

5. Defendant having by fraudulent representations induced plaintiff to part with his money is liable, though he did not have the benefit of the money.

**Fraud—Assertion of Fact may be Relied on, Though There was Opportunity for Investigation.**

6. Plaintiff could, without availing of opportunity to make personal investigation, rely on defendant's positive assertion of fact that he had examined the land office record, and found a certain filing to be prior, especially if there be evidence that plaintiff was induced to desist from making the examination.

1. See 2 R. C. L. 227.
2. See 10 R. C. L. 946.
3. Necessity for reliance on false representations in order to maintain action for deceit, note, Ann. Cas. 1915B, 779. See, also, 12 R. C. L. 352.
4. See 2 R. C. L. 140.
6. See 12 R. C. L. 357, 375.

Evidence—Defendant as Bearing on Good Faith Could Testify to Ignorance of Land Contest.

7. Defendant, charged with fraudulent representations as to filings on public land, could as bearing on his good faith testify that at time of plaintiff's inquiry, he (defendant) did not know of a contest pending against the land.

Appeal and Error—Any Error in Conduct of Court not Available in Absence of Exceptions.

8. Any error in court's remarks or questions during examination of defendant is not available; exception not having been taken thereto.

Trial—Verdict Though Containing Special Findings Held to Sustain Judgment.

9. Though a verdict contain special findings, it will sustain a judgment; such findings not being inconsistent with the award of damages made to plaintiff by the verdict, but tending to support it; such form of verdict, however, not being approved.

Appeal and Error—Judgment Affirmed Under Statute, Notwithstanding Errors.

10. Notwithstanding errors in rulings on evidence, the appellate court being thoroughly convinced defendant was guilty of fraud, feeling that justice has been administered, and believing a new trial would result in plaintiff's favor, will, under Const., Art. VII, Section 3c, affirm the judgment for plaintiff.

See (1) 4 C. J. 1108.   (2) 22 C. J. 612.   (3) 22 C. J. 611, 612. (4) 4 C. J. 71, 74.   (5) 26 C. J. 1180.   (6) 26 C. J. 1156.   (7) 22 C. J. 612.   (8) 3 C. J. 909.   (9) 38 Cyc. 1909 (1926 Anno.).   (10) 4 C. J. 1172, 1173.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

A statement of this case is given in the opinion of this court on former appeal, as reported in 100 Or. 366 (197 Pac. 296), and it is not deemed necessary to restate it here. After the cause was remanded for a new trial, a jury for the second time found that plaintiff had been defrauded as alleged, and rendered a verdict against defendant in the sum of $500. Defendant again appeals.

                    AFFIRMED.   REHEARING DENIED.

7.  See 12 R. C. L. 432.
8.  See 2 R. C. L. 92.

For appellant there was a brief over the name of *Mr. L. E. Schmitt.*

For respondent there was a brief over the name of *Messrs. Perkins & Bailey.*

BELT, J.—1. Appellant challenges the sufficiency of the complaint, but since that precise question was presented and decided on the prior appeal, the law of the case relative to that contention has been settled: *Benlow* v. *The James John,* 61 Or. 153 (121 Pac. 899). The complaint, in the absence of demurrer and after verdict, is sufficient.

2. Defendant asserts that the court erred in allowing plaintiff to answer, over his objection and exception, the following question:

"The question is, Mr. Boord, why you came to make this check out to Mr. Beatty,"

the reply being:

"After we had our filings all fixed up and the papers all fixed up, I asked Mr. Beatty who I should make this check payable to, him or Mr. Kaylor, and he told me he would turn it over to him, so I makes the check to; that he was working for Mr. Kaylor and would turn it over to him so I makes this check out to Mr. Beatty and he promised to send it to Mr. Kaylor; sign it up, signed his signature, and forwarded to Mr. Kaylor; said it made no difference as he was working for Mr. Kaylor."

It is the contention of plaintiff that the defendant directed him to go to Cottage Grove, Oregon, and that Mr. Beatty, a timber cruiser in his employ, would show him the timber claim in question. There was evidence offered to the jury for its consideration that Beatty was acting as agent of the defendant in this transaction. Plaintiff, undoubtedly,

had the right to explain why he made his check to Mr. Beatty, and the court was right in its ruling. If the answer of the witness was not responsive or otherwise objectionable, counsel had a proper remedy.

3. Error is claimed because plaintiff was permitted to answer the question, "What induced you to make that filing?" Plaintiff alleged that he relied upon the representations as made by the defendant, and it was essential to establish that averment. In *Knight* v. *Peacock,* 116 Mass. 362, wherein fraud was an issue, the court approved the form of the following question asked on direct examination, "What induced you to sign the papers and complete the contract?" In 12 R. C. L. 431 it is stated:

"The person claiming to have been defrauded may state whether he believed the representations alleged to have been made, that he did not know the truth, whether he relied on them, and whether or not they were the moving cause of the contract."

Also in support hereof see *Bartlett* v. *Falk,* 110 Iowa, 346 (81 N. W. 602); *Bedell* v. *Chase,* 34 N. Y. 386; *Beebe* v. *Knapp,* 28 Mich. 53; *Standard Oil Co.* v. *Meyer Bros. Drug Co.,* 74 Mo. App. 446; and cases collated in note in 23 L. R. A. (N. S.) 393.

4. Assignments of error numbered five, six, eight, nine, and eleven pertain to rulings of the court in sustaining objections to questions asked of witnesses on direct examination by counsel for the defendant. In view of the fact that the record does not disclose the information expected to be elicited by the answers, we cannot say that the interests of the defendant were materially affected. Counsel should have made a showing of what was expected to be proved by the answers to these questions, and the same should have been incorporated in the bill of excep-

114 Or.—5

tions: *Bagley Co.* v. *International Harvester Co.,* 99 Or. 519 (195 Pac. 348).

5. Complaint is made of the court's following instruction:

"If you find from the evidence that plaintiff was induced by the false representations of defendant to buy a worthless relinquishment, it does not make a particle of difference whether he paid the money therefor to Beatty as Kaylor's agent, to Beatty individually, or to Miller, nor is it material whether or not Kaylor had the benefit of the money. The wrong committed, as alleged by the plaintiff in his complaint, did not consist in making misrepresentations for defendant's benefit, but in making false representations with intent to induce plaintiff to part with his money to some person. Whether that some person was defendant or Beatty is a matter of no consequence."

This instruction follows the law as declared by Chief Justice McBRIDE speaking for the court on the former appeal, and we approve of the same.

6. Error is predicated on the failure of the court to give the following requested instruction:

"If you find from the evidence that the plaintiff had an opportunity to investigate the title to said land and failed and neglected to do so, then he cannot complain of fraud practiced upon him, as the law makes it the duty of a purchaser to investigate his title when he has the opportunity to do so, and your verdict should be in favor of the defendant."

If it is true, as contended by plaintiff, that the defendant represented to him as a positive assertion of fact that he had examined the records of the United States Land Office at Roseburg, Oregon, and found that Miller had a prior filing, then he ought not to be permitted to say, in effect, to the plaintiff, "You should not have believed me, but made an examination for yourself." *J. C. Corbin Co.* v. *Preston*

*et al.,* 109 Or. 230 (212 Pac. 541, 218 Pac. 917);
*Steen* v. *Weisten,* 51 Or. 473 (94 Pac. 834).   This rule
is especially applicable when there is evidence tend-
ing to show that the plaintiff was induced to desist
from making an independent inquiry to ascertain
what the record disclosed: 26 Corpus Juris, 1156.
No error was committed in rejecting the above in-
struction.

Defendant's requested instructions numbered three,
five, and eight were properly refused.

7. Defendant was asked by his counsel on direct
examination, "Did you know at the time that Mr.
Boord was in your office inquiring about the land in
question, a relinquishment, that there was any contest
pending against this land," and in answer thereto
replied, "I did not."   On motion of plaintiff's coun-
sel this answer was stricken from the record, and in
this we believe error was committed.   Defendant was
charged with fraud and the question of his good faith
was a proper matter for the consideration of the
jury.   Where intent is a material element in either
a criminal or civil case, and the act or declaration
of a party is involved, it is permissible for him to
state what his intentions were in the given instance:
*Mahon* v. *Rankin,* 54 Or. 328 (102 Pac. 608, 103 Pac.
53); *Henry* v. *Harker,* 61 Or. 276 (118 Pac. 205, 122
Pac. 298).   Where fraud is alleged great latitude of
proof should be allowed to establish the charge, and
likewise much liberality should be shown the defense
in refuting the same: 12 R. C. L. 429.

8. The defendant states that "the court erred in
constantly interfering with and interruping his
examination and that of his witnesses by asking
questions and making cross-examination."   We infer
from the record that the trial judge was of opinion

that the defendant was handling the truth recklessly, but in view of the fact that no exceptions were taken to the remarks or questions of the court we decline to review the same. This court has announced many times that only error duly excepted to will be considered on appeal.

We are of opinion that the court erred in sustaining plaintiff's objection to the admission in evidence of the check sent by Beatty to Miller in payment for the latter's relinquishment, for the reason that it was the theory of the defendant that Beatty was selling this relinquishment and that he had nothing to do with the same.

9. The jury returned the following verdict:

"We, the jury duly empaneled to try the above entitled cause, find that the defendant falsely represented facts in relation to the transaction involved in the action whereby plaintiff was induced to part with $500 belonging to plaintiff, and find the plaintiff has, by the false representations of the defendant, been damaged in the sum of $500, and hereby find in favor of the plaintiff and against the defendant for said amount."

Defendant contends that a valid judgment cannot be based thereon for the reason that "there is a special finding and not a general finding on the material issues involved"; but in this contention we cannot agree. The special findings of fact are not inconsistent with the award of damages made to the plaintiff, but as a matter of fact tend to support it. This form of verdict is not approved, but we fail to see wherein the defendant has been injured thereby.

10. After a careful consideration of the record in this case we are thoroughly convinced that the defendant was guilty of fraud as charged, and believe

that this is a proper case in which to invoke the
salutary provisions of Section 3c, Article VII, of
the Constitution of Oregon, which enables us to affirm
the judgment notwithstanding the errors committed.
We feel that justice has been administered, and are
not inclined to remand this cause for another trial
which in all probability would result in a verdict for
the plaintiff.   The judgment is affirmed.

Affirmed.   Rehearing Denied.

Burnett, J., did not participate.