Argued February 25, affirmed March 8, 1927.

# GEORGE O. GREIG *v*. INTERSTATE INVESTMENT COMPANY ET AL.

### (253 Pac. 877.)

**Fraud—Representation of Value, Accompanied by False Statement Known to be False, is Actionable.**

1. Though representations as to value of real property are not as a rule actionable, representation of value, accompanied by statement of fact which is false and known by vendor to be false, is basis for action.

**Brokers—Owner, Induced to Exchange Property on Brokers' Representation, Known to be False, as to Amount the Other Owner Would Accept Could Recover Damages Against Brokers Who Took Plaintiff's Property Themselves.**

2. Property owner, who was induced to make exchange of his property by representation of investment company, falsely made and known to be false, that owner of other property would take not less that $3,000 therefor, could recover for fraud where plaintiff was thereby induced to believe that property sought to be exchanged was of that value; investment company being agent for both owners and plaintiff being ignorant of land values.

**Brokers—In Action by One Who Exchanged Property for False Statement of Brokers as to Minimum Other Owner Would Accept, Evidence Held to Warrant Submission of Issue of Fraud.**

3. In action by owner of real estate for fraud of brokers in inducing him to make exchange on false statement as to minimum amount owner of other property would accept, evidence *held* sufficient to warrant submission of issue to jury under allegations of fraud in complaint.

---

1.   See 12 R. C. L. 279.
2.   See 12 R. C. L. 283.

Brokers—Where Brokers Fraudulently Procured Exchange of Property, Receiving Owner's Property and Additional Cash Consideration Equaling Amount They Paid Their Principal for Property Which They Exchanged, Measure of Owner's Damages was Value of His Equity.

4. In action by property owner induced to make exchange of property by false representations of brokers as to amount brokers' principal claimed for property to be exchanged, measure of damages was value of owner's equity in property which he conveyed, where consideration therefor was exact amount brokers had paid principal for property plus plaintiff's equity, and where brokers had deed to property plaintiff owned made direct to them without principal's knowledge.

Appeal and Error—Where No Punitive Damages were Allowed, Instruction on Punitive Damages Held Harmless.

5. In action for fraud in exchange of real estate, instruction regarding punitive damages *held* harmless, where it was clear no punitive damages had been allowed.

Brokers—Brokers Negotiating Exchange of Property, Who Disclosed Confidential Relations With Principal, were Required to Speak the Truth.

6. In action for fraud of brokers negotiating exchange of property, that defendants charged plaintiff no commission did not relieve them from liability for false representations with regard to confidential relations with their principal, as agent, though not obliged to reveal confidential relations, must when he does disclose them speak the truth.

Trial—Credibility of Witnesses and Weight of Evidence are for Jury.

7. Credibility of witnesses and weight of evidence are determined by jury.

---

Fraud, 26 **C. J.**, p. 1157, n. 41, p. 1215, n. 84, p. 1218, n. 1, p. 1219, n. 9, 13, p. 1220, n. 20, p. 1222, n. 46, p. 1228, n. 99; 27 **C. J.**, p. 72, n. 54, p. 73, n. 57, 60, 61, p. 109, n. 92, 95.
Trial, 38 **Cyc.**, p. 1516, n. 57, p. 1518, n. 69.

From Multnomah: GEORGE TAZWELL, Judge.

Department 1.

This is an action for damages resulting from the exchange of real property. The plaintiff was the owner of a lot in Collins View Tract, which we will hereafter refer to as the Collins Tract. The defendant corporation had for sale a lot in block one, Eden

---

7. See 28 R. C. L. 657.

upon defendants' judgment as to the character and value of the Eden Addition property. That plaintiff believed the representations of defendants to be true and relying thereon was deceived, and that plaintiff, because of the fraud and deception practiced upon him was induced to, and did, deed the Collins View property to defendant Interstate Investment Co., subject to a mortgage of $350.00, and the plaintiff, upon receiving title to said Eden Addition property assumed a mortgage thereon in the sum of $1000.00 and caused a second mortgage lien to be placed thereon, securing as installment note of $1,000.00. That defendant Ross falsely pretended to plaintiff that the deed to the Collins View property was taken in the name of the Interstate Investment Co. as agent for Taylor.

"That all said representations were false and untrue; and that defendants knew them to be false and untrue, and were made for the purpose of deceiving and defrauding plaintiff. Defendants also knew that plaintiff was trusting in defendants to sell the Eden Addition property, and that plaintiff was relying upon defendants' judgment as to the character and value of the Eden Addition property, all of which was relied upon by defendants to carry out their fraudulent scheme."

The owner of the Eden Tract was one R. R. Taylor, but the title was held by the St. Charles Realty Company, a corporation, and notwithstanding the defendant Ross represented to the plaintiff that said Taylor would not exchange the Eden Tract at a valuation of less than $3,000, the exchange was made at a valuation of $2,000, which was the total amount received by the said Taylor for the Eden Tract. The deed to the Collins Tract was made by the plaintiff to the defendant corporation at the request of the defendant Ross. Plaintiff also alleges that he did not know of the fraud practiced upon him until January, 1924.

Addition, which we will refer to hereafter as the Eden Tract. The defendant corporation acting through the defendant Ross, its sales manager, procured a loan secured by mortgage for plaintiff on the Collins Tract, and by verbal agreement undertook to sell it. About November 14, 1921, defendants accomplished an exchange of the Collins Tract for the Eden Tract. Plaintiff was induced to make the exchange by relying upon the representations of defendant Ross, acting for the defendant corporation. The gist of the charge of fraud against the defendants is found in paragraph VII of the complaint, which reads as follows:

"That thereafter, about the 14th day of November, 1921, defendant Ross, for the express purpose of cheating and wronging plaintiff, falsely and fraudulently represented to plaintiff that said R. R. Taylor would exchange property with plaintiff, upon terms and conditions as follows: Taylor to transfer title to Eden addition property, subject to a then existing first mortgage in the sum of $1,000.00, for plaintiff's Collins View property subject to a mortgage of $350.00; provided, however, that as further consideration, plaintiff gives Taylor a second mortgage on the Eden Addition property securing an installment note in the sum of $1,000.00. Defendants further falsely represented to plaintiff that the offer from Taylor was the very best that could be obtained from Taylor; that the Eden Addition property was reasonably worth the sum of $4500.00, and that defendants could and would sell said Eden Addition property for plaintiff for $4500.00.

"That the facts were well known to defendants, that plaintiff was inexperienced and unskilled in business matters and unable to form any rational estimate of real estate values, and defendants knew that plaintiff trusted in their honesty and integrity. That plaintiff informed defendants that he was relying

This action was instituted August 23, 1924. The answer denies the material allegations of the complaint, and for an affirmative defense alleges that the plaintiff was acquainted with all of the facts and circumstances surrounding the transfer and exchange of the several pieces of property for more than two years prior to the commencement of this action, and plaintiff's cause of action was barred. A verdict was rendered in favor of the plaintiff for the sum of $800 and from the resulting judgment defendants appeal. The errors assigned on appeal are, the complaint does not state facts sufficient; the order of the court denying defendants' motions for a nonsuit and for a directed verdict, and for giving three requested instructions.                          AFFIRMED.

For appellants there was a brief and oral arguments by *Mr. Fred W. Bronn* and *Mr. George W. Gearhart.*

For respondent there was a brief and oral arguments by *Mr. Carl M. Little* and *Mr. Loyal H. McCarthy.*

COSHOW, J.—1. As a rule representations as to value of real property are not actionable: *Southern Oregon Orchards Co.* v. *Bakke,* 106 Or. 20, 29 (210 Pac. 858); *McCabe* v. *Kelleher,* 90 Or. 45, 54 (175 Pac. 608); *Rumbaugh* v. *Settlemeier,* 88 Or. 105, 108 (171 Pac. 560); *Society of Doukhobors* v. *Hecker,* 83 Or. 65, 75 (162 Pac. 851). But when a representation of value is accompanied by a statement of fact which is false and known to be false by vendor, then such representation is actionable: *Society of Doukhobors* v. *Hecker,* 83 Or. 65, 75 (162 Pac. 851); *Allen* v. *McNeelan,* 79 Or. 606 (156 Pac. 274); *Aitken* v. *Bjerk-*

*vig,* 77 Or. 397 (150 Pac. 278); *Carty* v. *McMenamin et al.,* 108 Or. 489 (216 Pac. 228); *Allen* v. *McNeelan,* above, page 610 of the official report, quoted from *People* v. *Peckens,* 153 N. Y. 576 (47 N. E. 883), with approval, is the following language:

" ' * * But, where the statements are as to value or quality, and are made by a person knowing them to be untrue, with an intent to deceive and mislead the one to whom they are made, and he is thus induced to forbear making inquiries which he otherwise would, they may amount to an affirmation of fact rendering him liable therefor. In such a case, whether a representation is an expression of an opinion or an affirmation of a fact is a question for the jury. The rule that no one is liable for an expression of an opinion is applicable only when the opinion stands by itself as a distinct thing.' "

2. In the light of that statement of the law the complaint states a cause of action. In the instant case the representation of the value of the property was coupled with the false statement that $3,000 was the least that the owner would take for the land; that the defendant Ross knew such statement to be false when he made it; that he intended that the plaintiff should rely upon that statement; the plaintiff did rely upon it and was thereby damaged. The statement that $3,000 was the least that the owner would take for the property was intended to induce the plaintiff to believe that the property was of that value. The defendant Ross was acting for the plaintiff as well as for the owner of the Eden Tract. He knew that the plaintiff was ignorant of land values. He knew that plaintiff was relying upon Ross' judgment as to the value of the Eden Tract: *Boord* v. *Kaylor,* 114 Or. 62 (234 Pac. 263). Other helpful cases are *Stevens et al.* v. *Reilly,* 56 Okl. 455 (156

Pac. 157); *Booker* v. *Pelkey,* 173 Wis. 24 (180 N. W. 132); *Warder et al.* v. *Whitish,* 77 Wis. 430 (64 N. W. 540); *Foot* v. *Wilson,* 104 Kan. 191 (178 Pac. 430).

3. The evidence in behalf of the plaintiff tended to support the allegations of fraud in the complaint. The evidence tends to show a relation between the plaintiff and the defendant Ross bordering very closely to being fiduciary. Plaintiff testified that Ross told him the deal which involved the transfer of the tracts was a five-cornered deal and was too deep for the plaintiff. Plaintiff had been a seafaring man all his life and knew very little, if anything, about the values of real property. He had followed the trade of ship-rigging in Portland, except at odd times when he assisted in moving houses. The representations of defendant Ross may well have prevented plaintiff from making independent investigations regarding the value of the Eden Tract which he took in exchange for his Collins Tract. The court ruled rightly in denying the motion for a nonsuit in behalf of defendant and also denying the motion presented by the defendants for directed verdict in their favor.

4. The principal contention on the part of the defendants as to the instructions is that the court's instructions regarding the measure of damages were inconsistent with each other. The court instructed the jury, at the request of plaintiff, to the effect that his measure of damages was the value of his equity in the Collins Tract property. By request of defendant he instructed the jury as follows:

"The measure of damages, if any, in this case, is the difference between the market value of the property parted with by the plaintiff and the market value of the property received by him."

These instructions represent the two theories presented by the pleadings. According to the theory of plaintiff his interest in the Collins Tract was no part of the consideration for the Eden Tract. The owner of the Eden Tract got no part of or interest in the Collins Tract. The owner of the Eden Tract knew nothing about defendant corporation receiving the Collins Tract until about two years after the exchange was made. The full consideration for the Eden Tract was $2,000, which plaintiff assumed or paid over and above his interest in the Collins Tract. Under that state of facts the measure of plaintiff's damages was the value of his interest in the Collins Tract. Under defendants' theory the owner of the Eden Tract received the benefit of the Collins Tract. Under defendants' theory the true measure of damages was the difference in the market value of the plaintiff's interest in the Collins Tract and the interest which he received in the Eden Tract. There was evidence of the value of the plaintiff's interest in the Collins Tract and the value of the interest in the Eden Tract which plaintiff received: *Scott* v. *Wallace et al.*, 102 Or. 22, 25 (201 Pac. 542); *Parks* v. *Smith*, 95 Or. 300, 304 (186 Pac. 552, 554); *Ward* v. *Jenson*, 87 Or. 314, 317 (170 Pac. 538); *Salisbury* v. *Goddard*, 79 Or. 593, 600 (156 Pac. 261).

5. The two other instructions complained of are the instructions which substantially follow the allegations of the complaint regarding the right to recover and the one respecting punitive damages. The former instruction was properly given. The latter was harmless viewed from the result. It would be of no benefit to discuss it for it is clear no punitive damages were allowed.

6. Defendants contend that they were not agents of plaintiff, charged him no commission, and were under no obligation to protect his interests. But there was evidence to the effect that defendant Ross was representing plaintiff in the exchange, knew that plaintiff was relying implicitly on the representations made by and judgment of Ross as to the value of the Eden Tract. Defendants were not obliged to reveal their confidential relations with their principal. But when they pretended to communicate the instructions as to price and terms from their principal they should have spoken the truth. They cannot escape liability for the deceit practiced upon plaintiff inducing him to make the change because they were not bound to disclose such confidential relations. Defendants should not be permitted to perpetrate a fraud by falsely pretending to reveal the terms of their employer. If they speak about that relation they should tell the truth.

7. It is only fair to defendants to say that Ross denied the material statements of plaintiff. The credibility of the witnesses and the weight of the evidence is determined by the jury. The judgment is affirmed.                                                    AFFIRMED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.