Submitted on briefs January 11, affirmed January 17, rehearing denied February 14, 1928.

BESSIE F. MERCER v. ARTHUR C. PARKER

ET AL.

(262 Pac. 948.)

Appeal and Error—Unless Motion for Nonsuit Specifies Grounds Therefor, Appellate Court Need not Review Trial Court's Action Denying Motion.

1. Unless motion for nonsuit specifies grounds therefor, appellate court need not review action of trial court in denying motion.

Brokers—In Action by Purchaser Against Her Agents for Fraud, Whether Agents Misrepresented Value of Real Property Purchased Held for Jury.

2. In purchaser's action for damages against her agents for fraud in misrepresenting the value of real property purchased, question whether agents misrepresented value of property *held* for jury.

Brokers—False Statements of Purchaser's Agents on Which Purchaser Relied Regarding Value of Real Property Purchased were Statements of Fact Constituting Grounds for Damages.

3. Where plaintiff, a widow, employed defendants to purchase real property for her and relied on their representations as to value of property, defendants' representation that property pur-

2.  See 2 R. C. L. 282.
3.  See 2 R. C. L. 283.

chased was worth $5,000 was statement of fact, and, being false, constituted grounds for damages.

**Appeal and Error—Appellate Court cannot Weigh Testimony.**

4. It is not province of Supreme Court on appeal to weigh testimony to determine which of parties has made better case.

Appeal and Error, 3 **C. J.**, p. 771, n. 39; 4 **C. J.**, p. 844, n. 66, p. 850, n. 51.

Fraud, 26 **C. J.**, p. 1216, n. 85, p. 1217, n. 99, p. 1218, n. 2, p. 1219, n. 7, 9, 12, p. 1220, n. 15, 18, 20; 27 **C. J.**, p. 69, n. 30.

Trial, 38 **Cyc.**, p. 1552, n. 65.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

This is an action for damages for alleged fraud practiced on the plaintiff by the defendants in the purchase of a tract of real property in the City of Portland. No question is raised about the sufficiency of the complaint. Plaintiff demanded judgment for $1,500. After denying the principal allegations of the complaint defendants, in their amended answer, allege that plaintiff personally inspected the premises before purchasing, relied on her own judgment in consummating the contract for the purchase of the property and reiterate their denial that false representations were made by them to plaintiff.

At the conclusion of plaintiff's testimony defendants moved the court for an order of nonsuit against the plaintiff without assigning any reasons for the requested order. No exceptions were taken to the instructions of the court. The only question presented by the appeal is, Was any evidence adduced to support the charges of fraud made by plaintiff against defendants?

AFFIRMED. REHEARING DENIED.

4. See 2 R. C. L. 202.

For appellants there was a brief over the names of *Messrs. Manning & Harvey* and *Mr. Donald E. Long.*

For respondent there was a brief over the name of *Mr. F. M. Phelps.*

COSHOW, J.—1. "It is a rule of practice in this state that a motion for nonsuit must specify the grounds therefor, and unless it does so an appellate court will not review the action of the trial court in denying the motion. (Cases cited.)" *Robertson* v. *State Ind. Acc. Com.,* 114 Or. 394, 404, 405 (235 Pac. 684). Waiving that, the result is the same.

It is alleged in plaintiff's complaint that plaintiff is a widow and informed defendants, who at all times mentioned in the complaint were the agents of plaintiff and to whom plaintiff paid a commission, that she had no knowledge of the value of real property within the City of Portland and that she was relying upon their representations as to the value of said premises. The sole charge of fraud on the part of the plaintiff is that the value of the property was misrepresented to her.

As a rule, an expression of the value of property is one of opinion rather than a statement of fact. There are circumstances, however, where the representations of the value of property are statements of fact, and if false an action for damages may be predicated thereon: Kerr, Fraud and Mistake, Amer. ed., 1877, 53 et seq., § II; *Boord* v. *Kaylor,* 114 Or. 62, 66, 67 (234 Pac. 263); *Corbin Co.* v. *Preston,* 109 Or. 230, 249 (212 Pac. 541, 218 Pac. 917); *Carty* v. *McMenamin,* 108 Or. 489, 497, 498 (216 Pac. 228); *Greig* v. *Inter-*

*state Inv. Co.,* 121 Or. 15, 19, 20 (253 Pac. 877), and authorities there cited.

The instant case does not present one of a buyer dealing with a seller at arm's-length. The complaint discloses that plaintiff desired to purchase the property and employed defendant Parker to find a property for her. Her testimony tends to support her complaint, so the parties were not dealing with each other as purchaser and seller, but rather as principal and agent. The testimony is very emphatic that plaintiff relied absolutely upon the judgment of defendant Parker. It is true that plaintiff was permitted to view the property and did examine it casually. It is also true that she informed the defendant Parker that she was relying upon his judgment; that she was making a purchase of property for the purpose of reselling the same, and that she was unfamiliar with value of property in the locality where the property involved was situated. In *Larsen* v. *Lootens,* 102 Or. 579, 593 (193 Pac. 699, 203 Pac. 621), this court quotes with approval from 12 R. C. L. 361, the following sentence:

"Nor does the fact that one makes an examination or makes inquiries necessarily show that he did not rely on the false representations of the other party."

The evidence also discloses that defendant Parker represented the property to be worth $5,000. His representations appear to be statements of fact rather than expressions of opinion. He was an experienced real estate dealer in Portland and assumed to know the market values of property in the vicinity of the tract involved. The evidence also discloses, by his own admissions, that he warned the party who held a mortgage against it not to inform the plaintiff the

price the mortgagee had received for the property in a comparatively recent sale thereof to defendant Parker or to one of his customers. Parker's testimony in that regard is as follows:

"I called her up and told her not to quote any price on that property as I say she had already killed several deals for us, but if she must quote a price to please quote the price we were asking, which was $5,000."

He had already admitted in his testimony that he had asked her not to say anything about the price he was asking and that he informed said mortgagee that he was inflating the price thereof. The evidence shows he had paid $3,700 for the property, $200 of which was his commission.

2, 3. Under the peculiar circumstances of this case we think that the representations made by the defendant Parker to plaintiff were statements of fact and said statements, being false, as we are bound to conclude after the verdict of the jury, constituted sufficient grounds for damages. The principle relied upon by defendants is not applicable to the instant case. Defendants cited the following cases: *Fairbanks* v. *Johnson*, 117 Or. 362 (243 Pac. 1114); *Crouch* v. *Butler*, 119 Or. 344 (248 Pac. 849); *Gesme* v. *Potter*, 118 Or. 621 (247 Pac. 765); *Linebaugh* v. *Portland Mortgage Co.*, 116 Or. 1 (239 Pac. 196).

4. It is not the province of this court to weigh the testimony to determine which of the parties has made the better case. A question of fact having been presented to the jury and the jury having returned its verdict in favor of the plaintiff, the court is bound by that verdict, and the judgment of the Circuit Court is affirmed.     AFFIRMED.    REHEARING DENIED.