Argued January 9, affirmed February 13, 1929.

# P. P. CAVE *v.* BROWN & McCABE, STEVE-DORES, INC.

(274 Pac. 505.)

For appellant there was a brief and oral argument by *Mr. E. L. McDougal.*

For respondent there was a brief over the name of *Messrs. Davis & Harris,* with an oral argument by *Mr. Paul R. Harris.*

McBRIDE, J.—The case at bar is governed by the Seamen's Act of June 5, 1920, Chapter 250, Section 33, Vol. 41, U. S. Statutes, 988, 1007 (amending Act of March 4, 1915, Section 20, 38 Stat. 1185, 46 U. S. C. A., Section 688), which took away from the employer the defense of contributory negligence and negligence of fellow-servants, but left intact the defense of assumption of risk, and this is the only question left for decision and the only question argued on this appeal. The evidence in the case is conflicting all

along the line. Under the Constitution, we are not permitted to weigh contradictory evidence, but only to ascertain whether there was substantially *any* evidence to justify the jury in finding a verdict for plaintiff.

In effect, plaintiff's evidence is that he and a fellow workman were directed to move a strong-back weighing from 500 to 600 pounds from the position in which it was then and place it at another point several feet distant. The operation involved the lifting of the strong-back over a pipe to a height of about a foot and a half and carrying it to the place of deposit. The customary way of lifting a heavy strong-back was by means of steam and machinery, and when plaintiff asked if it should be done that way he and his companion were told that the machinery was in use and they were directed to move it by hand. In complying with this order, plaintiff took hold of the strong-back at one end and his fellow-workman stood at the other end and in some way, probably by a movement by the other workman, which may or may not have been negligent, the strong-back slipped toward plaintiff's fellow-workman so suddenly that plaintiff was unable to let go of his end which fell to the deck thereby inflicting the injuries complained of.

1. The later authorities are to the effect, where the danger is not so imminent and apparent, that injury must almost necessarily result from obedience to an order, and, if the employee obeys the order and is injured, the master will not be permitted to defend himself on the ground that the employee ought not to have obeyed the order: Labatt's Master & Servant, (2d ed.), Vol. 4, § 1365. To like effect are *Shields* v. *W. R. Grace & Co.*, 91 Or. 187 (179 Pac. 265); *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies,* 61

Ohio St. 298 (55 N. E. 998); *Coast S. S. Co.* v. *Brady,* 8 Fed. (2d) 16; *Long* v. *Shirrod,* 128 Wash. 258 (222 Pac. 482).

2. The jury were the judges as to whether the order of Gibson to move the strong-back by hand was an improper order, which the result indicates was not a safe way, rather than by means of machinery, which was an indisputably safe method. In other words, they were the judges of the fact as to whether it was a negligent order and, while the testimony as to these two facts was very conflicting, we have no right to interfere with or reverse the jury's conclusion. The jury were also the judges as to whether or not the danger of moving the strong-back by hand was so imminent and apparent as to have required the plaintiff, under the circumstances, to disobey the order, or take upon himself the consequences of complying with it. We therefore conclude that there was sufficient evidence to take the case to the jury, and that there was no error committed in denying defendant's motion for a nonsuit and a directed verdict.

3, 4. In discussing this phase of the case, we have thus far waived the fact that defendant's motion for a directed verdict does not include assumption of risk as one of the grounds of the motion, although that fact alone would have been conclusive against defendant on this appeal, as we have frequently held that a motion for nonsuit or a directed verdict must specify the grounds of the motion. A motion for a directed verdict on the ground that there is not evidence sufficient to go to the jury is governed by the same rules as a motion for an involuntary nonsuit: *Huber* v. *Miller,* 41 Or. 103 (68 Pac. 400); *Merrill* v. *Missouri Bridge & Iron Co.,* 69 Or. 585 (140 Pac. 439); *Caldwell Banking & T. Co.* v. *Porter,* 52 Or. 318 (95

Pac. 1, 97 Pac. 541); *Meier* v. *Northern Pacific Ry. Co.*, 51 Or. 69 (93 Pac. 691); *Robertson* v. *State Industrial Accident Com.*, 114 Or. 394 (235 Pac. 684); *Mercer* v. *Parker*, 124 Or. 89 (262 Pac. 948).

So, in any event, the judgment should be affirmed and it is so ordered. AFFIRMED.

COSHOW, C. J., and RAND and BELT, JJ., concur.