Argued July 8, affirmed September 7, rehearing denied September 28, 1926.

LAFAYETTE F. CROUCH ET AL. v. WILLIAM J. BUTLER.

(248 Pac. 849.)

**Fraud—Defrauded Party may Affirm Contract and Sue for Damages, or Disaffirm It and be Placed In Statu Quo.**

1. Party who has been induced to enter into contract by fraud may, on its discovery, either affirm contract and sue for damages, or disaffirm it and be reinstated in position in which he was before it was consummated.

**Fraud—Purchaser, Having Opportunity to Determine Acreage, Held not Entitled to Damages for Misrepresentations.**

2. In action by purchaser against vendor for misrepresentation as to acreage of bottom lands in tract purchased for lump sum, when it appeared that vendor informed purchaser he did not know how much bottom land there was on place, and purchaser had full opportunity to determine for himself, purchaser was not entitled to damages, as having been misled.

**Fraud—Purchaser, Receiving Worth of His Money, Held not Entitled to Damages for Misrepresentation as to Acreage.**

3. In purchaser's action for damages against vendor for misrepresentation as to acreage of bottom land on ranch sold for lump sum, *held* purchaser could not recover damages, if dissatisfied, where he got worth of his money.

---

Fraud, 26 C. J., p. 1162, n. 10, p. 1177, n. 55; 27 C. J., p. 18, n. 33.

1. See 12 R. C. L. 407.
2. See 27 R. C. L. 366, 373
3. See 27 R. C. L. 385.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Mr. T. T. Bennett* and *Mr. Bennett Swanton,* with an oral argument by *Mr. W. L. Patterson.*

For respondent there was a brief and oral argument by *Mr. Charles A. Hardy.*

BURNETT, J.—The plaintiffs, husband and wife, aver, in substance, that they purchased of the defendant a tract of land in Lane County, Oregon, which they describe by legal subdivisions in part and by metes and bounds as to the remainder. They aver that the defendant, in an attempt to deceive them, falsely represented that there were 150 acres of bottom lands on the place, when, in fact, as shown by a subsequent survey, there were only 57.20 acres of that kind of land. The total area of the whole tract, about which there is no dispute, is set down at 385.9 acres. They say that, relying upon those representations, they were induced to pay for the property $10,500, together with some personalty priced at $1,500, as follows: $6,750 in cash, assumption of a prior mortgage of $2,565, and the execution of their promissory note and mortgage to secure the same for $2,685. They aver that the defendant will seek to negotiate the note and mortgage during the pendency of this suit, in which event they will suffer irreparable injury. They pray that the note and mortgage be canceled, that the defendant be enjoined from negotiating the same, and that they have judgment against

him for the sum of $6,429.40, which they claim as damages in the transaction.

All allegations imputing fraud to the defendant are denied by the answer; likewise, the averments concerning damages. It is then said, in substance, that the plaintiff husband visited the premises during September, 1919, and examined them and afterwards in November of the same year, he and his wife came and spent a week inspecting the tract, and consulted other persons in the neighborhood as to the value of the land and finally, in April, 1920, they concluded their negotiations, agreed to pay the purchase price of $10,500 by assuming the existing mortgage, paying a part of the purchase price and giving their own note and mortgage for the remainder. Defendant avers that the property sold was well and reasonably worth the purchase price, and, for further defense and counterclaim, sets up the note and mortgage and prays for a decree of foreclosure of the same. Some issues were made by the reply but they are not important to consider here. The Circuit Court made findings of fact and conclusions of law in favor of the defendant, dismissed the complaint and foreclosed the mortgage, and the plaintiffs have appealed.

1. It is true that this proceeding was commenced and tried as a suit in equity, in which part of the relief sought was the cancellation of the note and mortgage, but the principal relief demanded was the decree of damages. The defendant accepted the forum in which the litigation was inaugurated and has combated the question of damages.

Under the authority of *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180), the opinion in which, by Mr. Justice ROBERT S. BEAN, has become a classic in the judicial history of the State, we find the rule thus:

"A party who has been induced to enter into a contract by fraud, has, upon its discovery, an election of remedies. He may either affirm the contract, and sue for damages, or disaffirm it, and be reinstated in the position in which he was before it was consummated. These remedies, however, are not concurrent, but wholly inconsistent. The adoption of one is the exclusion of the other. If he desires to rescind, he must act promptly, and return or offer to return what he has received under the contract. He cannot retain the fruits of the contract awaiting future developments to determine whether it will be more profitable for him to affirm or disaffirm it. Any delay on his part, and especially his remaining in possession of the property received by him under the contract, and dealing with it as his own, will be evidence of his intention to abide by the contract: * * *" (citing authorities).

The principal contention between the parties is about the matter of fraud relating to the amount of bottom land on the ranch. It is true and admitted by the defendant that he published in a newspaper an advertisement in the following terms:

"FOR SALE—Dairy and stock farm; must sell on account of ill health 385 acres about 150 acres farm and pasture (creek bottom), balance bench and timber, 1 mile to station. A bargain like this is seldom offered. $10,000 and its yours. W. J. Butler, Canary, Ore."

Also, in answer to an inquiry from the plaintiff Crouch, before the latter saw the tract, the defendant wrote a letter to Crouch praising the property, saying substantially that "about 150 acres" of it was creek bottom. The plaintiff, L. F. Crouch, says, in substance, that the defendant expressly maintained the truth of that assertion during their subsequent negotiations for the sale of the property while the plaintiff

was inspecting it. It is without dispute that the bottom land on the place, being most desirable for farming and dairy purposes in that part of the State, is irregular in shape and is composed of several different tracts. The weight of testimony, however, enforced by the finding of the Circuit Court in favor of the defendant, impresses us with the conclusion that when the parties came together and were actually inspecting the property, the defendant informed the plaintiff that he did not know how much bottom land there was on the place; that it had never been surveyed; that he urged the plaintiff to examine and determine for himself and that the plaintiff did so, went all over the bottom land, stepped at least a part of it, and had every opportunity to satisfy himself as to the value and area of the tracts.

This is not a case where the land was bought and sold at a certain rate per acre. The transaction was for a lump sum. It is true that in such cases as *Cawston* v. *Sturgis*, 29 Or. 331 (43 Pac. 656), where the tract was irregular but homogeneous in quality, the complaining party secured a reduction of the purchase price in proportion as the actual area was less than that represented. It is like a case where a man contracted for 100 bushels of wheat at $1 per bushel, paying for the same in advance, and only 75 bushels were delivered. The actual loss is easily ascertained and the measure of damages would naturally be for the sum of $25, being the agreed value of the property which he did not receive.

2. The preponderance of the testimony is to the effect that in the actual negotiations on the premises, the plaintiff was made aware of the actual truth that the advertisement and the letter couched in terms of "about 150 acres" were not to be taken as literally true, and that the fact was that the defendant did not

know, and so informed the plaintiff, about the amount of desirable bottom land.

In *Fairbanks et al.* v. *Johnson et al.*, 117 Or. 362 (243 Pac. 1114), this court speaking by Mr. Justice BELT said concerning the matter of fraud in such cases:

" * * The true rule is announced in *Shappiro* v. *Goldberg*, 192 U. S. 232 (24 Sup. Ct. Rep. 259, 48 L. Ed. 419, see, also, Rose's U. S. Notes), cited with approval in *Linebaugh* v. *Portland Mortgage Co.* (Or.), 239 Pac. 196:

" 'When the means of knowledge are open and at hand or furnished to the purchaser or his agent, and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to his injury by the misrepresentations of the vendor.

Here the parties were dealing at arm's-length. The property was before them both. The plaintiffs had opportunity to and did make thorough examination of the premises. Nothing whatever was done to prevent them from surveying it then as they afterwards did, or from ascertaining in any way they desired all about both quantity and quality of the tract. The courts cannot act as guardian for a man *sui juris,* who is competent to contract and who has every opportunity to satisfy himself of the extent and value of the property which he is purchasing.

Moreover, the testimony strongly establishes the fact that the property purchased was well worth the amount which plaintiffs agreed to pay for the same. Indeed, we find in the record that they themselves advertised the same property for sale at $20,000.

3. The matter of the measure of damages respecting transfer of property for lump sums is discussed by Mr. Justice HARRIS in *Lichtenthaler* v. *Clow,* 109 Or.

381 (220 Pac. 567). As against an action for damages, which is substantially this case, a dissatisfied purchaser ought not be heard to complain if in truth he got the worth of his money. A different rule possibly might be enforced if the effort were merely to rescind the contract and place each party *in statu quo.* A purchaser ought not be allowed to satisfy his note for the purchase price by a mere clamor of fraud if he has received full value for what he paid. As a cure for mere damages compensation is the standard remedy. If the plaintiff has lost nothing he is not damaged.

On the questions of fact, we feel satisfied with the findings of the learned circuit judge who heard and saw the witnesses and had a far better opportunity to determine the actual truth of the matter than we who read the printed record.

The decree is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, J., being absent, did not participate in this opinion.

McBRIDE, C. J., and COSHOW, J., concur.