Argued March 13, affirmed March 27, 1928.

## MARY LARSEN v. STANLEY D. CHAPIN ET AL.

### (265 Pac. 441.)

**Fraud — Defrauded Purchaser may Affirm Contract and Sue for Damages, or Disaffirm and Seek Rescission.**

1. A person who believes himself to have been swindled by fraudulent representations in purchase of real property has two remedies open to him on discovery of fraud; namely, he may affirm contract and sue for damages, or he may disaffirm and seek to have contract rescinded.

**Fraud—Remedies for One Defrauded in Purchase, of Affirmance and Suit for Damages or Disaffirmance and Rescission are not Concurrent.**

2. The remedies, for one defrauded in purchase of realty, of affirmance and suit for damages or disaffirmance and rescission, are not concurrent, but inconsistent.

**Vendor and Purchaser—Purchasers' Attempt, Five Years After Purchase, to Rescind for Fraud in Misrepresenting Amount of Timber on Land Held Too Late, Where They had Been Continuously in Possession.**

3. Where purchasers of real estate had, for five years after purchase, been continuously in possession of the property, an attempt to rescind for alleged fraudulent misrepresentations as to the amount of timber on the land, *held* to have been made too late, under the rule requiring that one desiring to rescind such a contract must act promptly.

**Vendor and Purchaser—Vendor's Statement as to Amount of Timber on Land Purchased Held not to Establish Fraudulent Representation Warranting Rescission.**

4. Vendor's having stated to purchasers before purchase that she had been told land contained seven or eight million feet of timber,

1. See 12 R. C. L. 405; 27 R. C. L. 579.

2. See 27 R. C. L. 379.

3. See 4 R. C. L. 514.

4. Right to rely on representations, see note in 37 L. R. A. 593. See, also, 12 R. C. L. 371; 27 R. C. L. 359.

*held* not to establish fraudulent representation on her part or false statement recklessly made warranting rescission, where it was shown that such estimates had been made by a former prospective purchaser, and where vendor gave the purchaser every opportunity to examine and inspect the land.

Fraud, 26 **C. J.**, p. 1128, n. 80, p. 1150, n. 79, p. 1200, n. 15; 27 **C. J.**, p. 18, n. 33.
Vendor and Purchaser, 39 **Cyc.**, p. 1428, n. 63, 64.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

This suit was instituted by plaintiff to foreclose a mortgage. In 1919 she sold a tract of land consisting of 520 acres to defendant Staples and his then partner in the real estate business, defendant Chapin. Prior to consummating the sale, said Staples and one Johnson had been in partnership in the same business and had listed the tract of land in question for sale for plaintiff. The land was listed by the husband of plaintiff, who made all the representations regarding the land to the said Johnson and defendant Staples. The land was listed at $10,000. Defendant Staples, having become interested in the purchase of the land himself, secured a reduction in price to $9,000, and was paid a commission of $450 for making the sale. The note is for the sum of $4,500, being one half of the purchase price and is secured by a mortgage on the premises sold. Four thousand and fifty dollars in cash was paid which, together with the commission of $450, made one half of the contract price. The other defendants are part owners of the land and are all business acquaintances and friends of the defendant Staples.

Defendants admit the execution of the note and mortgage, but allege that plaintiff, through her husband, fraudulently misrepresented the quantity of timber on the lands; that he represented that there

were eight million feet of timber, both orally and in the writing in which the land was listed for sale through said Johnson and defendant Staples.   Defendants seek to have the contract of purchase canceled, the amount paid on account of the purchase price returned to defendants, the note against defendants canceled, or in case rescission cannot be had, to recover judgment for damages and costs and disbursements.

The reply puts in issue the affirmative defense. Plaintiff denies in her reply that she made any fraudulent representations, admits that she stated there were from seven to eight million feet of timber on the premises, but alleges that said statement was made in connection with representations that had been made to her by the Smith Timber Company, a good many years prior thereto; that she made no positive representations other than to repeat to said Johnson and defendant Staples and later to defendant Chapin the representations of said Smith and his agents about the quantity of timber.

After a trial the Circuit Court found the equities with plaintiff and foreclosed the mortgage.   Defendants appeal from that decree.            AFFIRMED.

For appellants there was a brief over the names of *Mr. B. L. Eddy* and *Messrs. Joseph, Haney & Littlefield*, with an oral argument by *Mr. Eddy*.

For respondent there was a brief and oral argument by *Mr. Charles A. Hardy*.

. COSHOW, J.—1, 2. A person who believes himself to have been swindled by fraudulent representations in the purchase of real property, upon the discovery of the fraud, has two remedies open to him, namely:

he may affirm the contract and sue for damages or he may disaffirm the contract and seek to have it rescinded. These remedies are not concurrent but are inconsistent: *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180); *Crouch* v. *Butler,* 119 Or. 344 (248 Pac. 849); *Fairbanks* v. *Johnson,* 117 Or. 362 (243 Pac. 1114).

3. If one would rescind a contract of the nature involved in this suit he must act promptly.

"He cannot retain the fruits of the contract awaiting future developments to determine whether it will be more profitable for him to affirm or disaffirm it. Any delay on his part, and especially his remaining in possession of the property received by him under the contract, and dealing with it as his own, will be evidence of his intention to abide by the contract." *Scott* v. *Walton,* above.

Defendants remained continuously in the possession of the property for more than five years. During all that time they exercised ownership of and dominion over it. It is now too late for them to rescind.

There is no evidence that plaintiff in any way attempted to prevent the parties purchasing the property, and under whom all of the defendants now claim, from making a complete and thorough examination of the tract of land. Messrs. Johnson and Staples had every opportunity to inspect the land and to cruise the timber if it was their pleasure so to do. Said Johnson, the then partner of defendant Staples, went to the premises with plaintiff's husband and was afforded every opportunity to thoroughly examine and inspect the land. Plaintiff's husband testified that he told both said Johnson and defendant Staples, as well as Chapin later, before the sale was consummated, the source of his information about the quantity of timber on the land. He was

corroborated in his statement as to his source of information by a disinterested witness. Plaintiff actually contracted for a sale of the timber on the land, retaining title to the land itself, to Smith Timber Company, for the sum of $3,500. The basis for said purchase price of the timber alone was fifty cents per thousand. He did not write the contract listing the property for sale with said Johnson and defendant Staples. Said Johnson wrote that and placed in it the eight million feet. Larsen testified also that he told both Johnson and Staples there were from seven to eight million feet based upon the sale he made to Smith. This sale was not completed because of the litigation arising out of the forfeiture of the O. & C. Land Grant in 1907.

4. We have carefully read and considered the evidence and concur with the findings of the learned Circuit Court. Under this evidence plaintiff is not guilty of fraud.

"When the means of knowledge are open and at hand or furnished to the purchaser or his agent, and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to his injury by the misrepresentations of the vendor." *Shappiro* v. *Goldberg*, 192 U. S. 232 (48 L. Ed. 419, 24 Sup. Ct. Rep. 259, see, also, Rose's U. S. Notes), cited with approval in *Linebaugh* v. *Portland Mort. Co.*, 116 Or. 1 (239 Pac. 196), *Crouch* v. *Butler*, 119 Or. 344, 349 (248 Pac. 849), and *Fairbanks* v. *Johnson*, above.

In the instant case neither plaintiff nor her husband apparently attempted to deceive their vendee. Plaintiff had lived on the property when she was a child five years of age; she inherited it from her father; her husband had never lived on the premises and

probably knew no more about the timber thereon than did any of the defendants. Defendants, not having exercised the opportunity and privilege of ascertaining for themselves the quantity of timber, will not now be heard to complain that they were defrauded by plaintiff. Nothing whatever was done to prevent them from cruising the timber before they made the purchase or from ascertaining in any other way all about the quantity and quality of the timber as well as the land itself.

"The courts cannot act as guardian for a man *sui juris,* who is competent to contract and who has every opportunity to satisfy himself of the extent and value of the property which he is purchasing." *Crouch* v. *Butler,* above.

The evidence does not support the contention of defendants that plaintiff made unqualified representations that there were eight million feet of timber on the land. The preponderance of the evidence is that plaintiff gave to defendants the benefit of her information regarding the quantity of timber. The evidence does not satisfy us that plaintiff made positive or unqualified representation, but rather only stated the quantity of timber as disclosed to her by others who had made a cruise. This does not bring the instant case within the authorities relied upon by defendant, such as *Boord* v. *Kaylor,* 114 Or. 62 (234 Pac. 263); S. C., 100 Or. 366 (197 Pac. 296); *Jeffreys* v. *Weekly,* 81 Or. 140 (158 Pac. 522); *Palmiter* v. *Hackett,* 95 Or. 12 (185 Pac. 1105, 186 Pac. 581); 26 C. J. 1128, § 50; 12 R. C. L. 330, 335, §§ 87, 93.

Plaintiff's testimony to the effect that the timber was cruised by agents of said Smith is not disputed. The evidence neither establishes fraudulent state-

ments nor false statements recklessly made as of the vendor's knowledge by plaintiff.

The decree is affirmed.                    AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.