Argued December 23, 1937; reversed January 25, 1938

# STOVALL *v.* NEWELL

(75 P. (2d) 346)

In Banc.

*Frank S. Senn*, of Portland (Senn & Recken and W. E. Cameron, all of Portland, on the brief), for appellant.

*Frank H. Hilton* and *Frank G. Smith*, both of Portland, for respondent.

BELT, J. This is an action to recover damages for personal injuries resulting from an alleged breach of warranty. From a judgment in favor of the plaintiff, the defendant appeals.

Defendant is the owner of the San Mateo apartments in the city of Portland. On February 12, 1936, the defendant, through his agent, rented one of the apartments to the plaintiff, a woman about 35 years of age. Prior to the time of letting, the plaintiff had, on two occasions, inspected the apartment. About two hours after plaintiff began occupancy of the apartment, she sustained a severe injury to the palm and fingers of her left hand by the breaking of a porcelain handle to the water faucet in the bathtub. There is no evidence tending to show that defendant knew of the defective condition of the faucet handle or that, by the exercise of reasonable diligence, he could have known of the same. There was nothing in the appearance of the porcelain handle to indicate that it was defective. The handle broke while plaintiff, in the exercise of reasonable care, was turning it for the first time to secure water for bathing.

■ Plaintiff alleges that, at the time of renting the apartment, defendant "represented and agreed" with her that the apartment was in "first class condition and repair"; that said representation or warranty was false; and that she relied upon the same to her damage. It was further alleged that the injuries resulting from

the breaking of the faucet handle were "directly and proximately caused because of the fault and ill repair of said faucet, all more particularly known to the defendant and not known to the plaintiff." Counsel for plaintiff, however, state that the cause of action is based upon breach of warranty and not upon negligence. Hence, it will be so considered.

■■ Plaintiff thus testified with reference to the renting of the apartment:

"Q. What was said? A. She (the manager, Mrs. Phillips) said the apartment was in first-class shape. I was looking for a rather nice place and something that was O. K. and so I—that was about all that was said; not a great deal. About like anybody who would go in to rent an apartment. I did not examine everything minutely.

"Q. Why did you not examine everything minutely? A. Because she said everything was okeh."

Do the above representations of the defendant concerning the apartment amount to a warranty of its safe condition? In our opinion what was said was merely "puffing" or "dealers' talk" rather than a warranty. The plaintiff and the defendant were dealing at arm's length. There was no concealment of any hidden danger known to the defendant. There is not the slightest basis for any claim of negligence. When plaintiff was shown the apartment she must have known that what the defendant said about it was merely the expression of an opinion. To say that defendant, by such general words of commendation, intended to warrant, in all its parts, the safe condition of the apartment rented is unreasonable. As to such matters the plaintiff could observe and judge as well as the defendant: *Walsh v. Schmidt*, 206 Mass. 405 (92 N. E. 496, 34 L. R. A. (N. S.) 798). General words of commendation such as "good", "high-class", and "okeh" are regarded, without more

appearing, as mere seller's talk and expressions of personal judgment: Vold on Sales, p. 447; 36 C. J. 207; *Black v. Irvin,* 76 Or. 561 (149 P. 540); *Society of Independent Doukhobors v. Hecker,* 83 Or. 65 (162 P. 851); *Bell v. Spain,* 110 Or. 114 (222 P. 322, 223 P. 235); *Cripe v. Wade,* 123 Or. 111 (261 P. 72); *Union Sav. & Loan Ass'n v. Getty,* 135 Or. 565 (296 P. 878).

■ As stated in 36 C. J. 207:

''Where a lessee has the same opportunity for observation and examination of the premises as the landlord, representations by the landlord as to the condition of the demised premises are mere opinions, and will afford no ground for action unless by some artifice the lessor prevents examination as to the condition concerning which the representations are made.''

*Wells v. Oldsmobile Co.,* 147 Or. 687 (35 P. (2d) 232), is not to the contrary. In that case, which involved the sale of an automobile, it was alleged that the seller expressly represented and warranted to the plaintiffs (buyers) that the automobile was a new demonstrator. Obviously, this was a representation of fact and not a mere expression of opinion. It was a representation upon which the buyer had the right to rely.

If the defendant can be mulcted in damages under the facts in this case it simply means that a landlord who makes a general statement of commendation about the premises, at time of letting, becomes an insurer against injury to a tenant which might possibly result from any unknown latent defect.

Having reached the conclusion that no warranty was made by defendant, it is unnecessary to consider whether, in the event it had been made, plaintiff would be entitled, in an action of this kind, to recover damages for personal injuries. But see *Goodman v. Fernald,* 154 Or. 654 (61 P. (2d) 1253).

The judgment is reversed and the action dismissed.