Submitted on briefs May 13, affirmed June 3, 1959

ROSS *v.* CARLYLE ET UX

339 P. 2d 1114

*Clarence E. Yeager,* Portland, filed a brief for appellants.

No appearance by respondent.

PER CURIAM.

This appeal arises out of a suit brought by Ross, as the vendor, to foreclose a contract for the sale of real property situated in Portland, Oregon. The defendants, Carlyles, as vendees, answered and by cross-complaint sought a decree of rescission because of the vendor's alleged fraudulent misrepresentations upon which they relied.

The Carlyles had purchased the place, in April, 1955, for a home, making a down payment of $500 and thereafter $45 each month to principal and interest. This they continued to do up to the fifth day of March, 1956, when the contract was rendered in default upon their refusal to proceed further.

We are convinced, as was the trial judge, that the Carlyles were the victims of misrepresentation and fraud, but because of the reasons which follow and upon which we rest our decision, it becomes unnecessary to delineate the plaintiff's fraudulent statements upon which the defendants placed their confidence and reliance.

It is clearly evident from the testimony of the vendees that they became fully aware in November, 1955, that they had been imposed upon. It was at that time that the fall rains disclosed the defects of construction that thereafter contributed to their discomfort and rendered their modest habitation unlivable for want of warmth and continuing interior dampness. These conditions were magnified by the December snows of that year and continued without abatement until March, 1956. Notwithstanding, the defendants remained in possession and continued to pay the taxes and to make the monthly payments required by the contract up to and including March 5, 1956.

Predicated upon this state of the record, the trial

judge dismissed the defendants' cross-complaint for rescission and decreed the foreclosure prayed for by the plaintiff-vendor. From this decree the defendants-vendees appeal. The plaintiff has not, however, elected to file a brief.

■ Ever since the pronouncement of Mr. Justice ROBERT BEAN in *Scott v. Walton,* 32 Or 460, 464, 52 P 180 (1898) (sometimes called "the standard precedent"), this court has consistently held: that upon the discovery of fraud, he who desires to rescind, must act promptly and return or offer to return what he has received under the contract. He cannot retain the fruits of the contract awaiting further developments to determine whether it will be more profitable for him to affirm or disaffirm it. Any delay on his part, and especially his remaining in possession of the property will evidence his intention to ratify and abide by the contract. *Cooper v. Hillsboro Garden Tracts,* 78 Or 74, 85, 152 P 488 (1915); *Grant v. Cartozian Bros., Inc.,* 120 Or 607, 611, 253 P 531 (1927); *Holmes v. Burlingame Co.,* 138 Or 193, 198, 6 P2d 44 (1931); *Schuler v. Humphrey,* 198 Or 458, 480, 275 P2d 865 (1953); *Gamble v. Beahm,* 198 Or 537, 550, 257 P2d 882 (1953); *Keller v. Lonsdale,* 216 Or 339, 112 P2d 339.

■ Based on our examination of the record within the frame of our numerous opinions on the subject at issue, we are compelled to hold that the defendant vendees' possession, continued payments on the contract and payments to taxes after learning of the fraud, resulted in a ratification which barred their right to rescind.

The decree is affirmed. Each party will pay their respective costs.