Argued October 13, affirmed December 29, 1972, petition for
rehearing denied January 23, 1973

CHESTER ET UX, *Respondents, v.* McDANIEL ET AL,
*Appellants.*
504 P2d 726

*Leo Levenson,* Portland, argued the cause and filed a brief for appellants.

*Roger L. Meyer* of Sabin, Newcomb, Sabin & Meyer, Portland, argued the cause and filed a brief for respondents.

McALLISTER, J.

Plaintiffs brought this action to recover damages for fraud perpetrated by defendants in the sale to plaintiffs of one-half the shares of stock in a grocery store owned by defendants. The jury awarded plaintiffs $15,000 compensatory damages and $30,000 punitive damages. The court awarded plaintiffs an addi-

tional $6,500 as attorneys' fees. Defendants appeal. We affirm.

We are concerned with the facts only as a background. The defendants are husband and wife. Their grocery store was incorporated as Shop-Rite Market, Inc., and all of the shares of stock were held by the wife. The land was owned by the husband and leased to the corporation. In September 1969 the defendants advertised for a purchaser of an interest in the market. The plaintiffs, also husband and wife, responded to the ad and were induced to buy one-half of the common stock of Shop-Rite Market, Inc., for $25,000, of which $15,000 was paid down. The plaintiffs soon discovered that they had been defrauded and brought this action. The evidence amply supports the verdict for both compensatory and punitive damages and we are bound by the verdict of the jury.

The voluminous transcript of the trial contains only one ruling requested by defendants in a form sufficient to support an assignment of error. When plaintiffs rested their case the defendants made the following motion:

> "I will further move that there be a directed verdict of non-suit in favor of the defendants and each of them on the basis that our affirmative defense of ratification has been proven as a matter of law."

We will assume that defendants intended to move for a nonsuit on the ground that it affirmatively appeared from plaintiffs' evidence that defendants' "defense of ratification" had been proved as a matter of law.

██ There is no merit to this assignment of error. The law is well settled that a defrauded purchaser upon discovery of the fraud may elect to rescind the

contract or may affirm the contract and sue for damages. The action for damages is an affirmance or ratification of the contract and a waiver of the right to rescind, but in no sense is it a waiver of the right to recover all the damage caused by the fraud. The rule was stated with his usual clarity by Mr. Justice ROBERT S. BEAN in the classic case of *Scott v. Walton,* 32 Or 460, 464, 52 P 180 (1898):

> "A party who has been induced to enter into a contract by fraud, has, upon its discovery, an election of remedies. He may either affirm the contract, and sue for damages, or disaffirm it, and be reinstated in the position in which he was before it was consummated. These remedies, however, are not concurrent, but wholly inconsistent. The adoption of one is the exclusion of the other. * * *"

■ The great weight of authority also holds that where the defrauded party has performed a contract in part before he learns of the fraud he may continue to perform and still recover damages for the fraud. Mr. Justice LUSK in *Anderson v. Laws et al,* 176 Or 468, 472-473, 159 P2d 201 (1945), stated the rule as follows:

> "It should be observed that the question here does not relate to a mere waiver of the right to rescind the contract. That may be brought about by 'any delay on his (the defrauded party's) part, and especially his remaining in possession of the property received by him under the contract, and dealing with it as his own.' *Grant v. Cartozian Brothers,* 120 Or. 607, 611, 253 P. 531; *Scott v. Walton,* 32 Or. 460, 464, 52 P. 180. But the right to recover damages for the fraud by one proceeding as upon an affirmance of the contract is not so easily lost, and the defrauded party who does not discover the fraud until he has partly performed may go forward with the contract, keep what he received under it, and still maintain his action for damages

(*McCabe v. Kelleher,* 90 Or. 45, 51, 175 P. 608);
although he thereby waives his right to rescind
(*Cameron v. Edgemont Investment Co.,* 136 Or.
385, 398, 299 P. 698). * * *"

See, also, *Selman v. Shirley,* 161 Or 582, 593, 85 P2d
384, 91 P2d 312 (1939); Annotation, 13 ALR2d 807, 812.

■■ Only when there is a new agreement between
the parties after discovery of the fraud will the court
find a waiver of the fraud action. See *Anderson v.
Laws,* supra, and *Conzelmann v. N. W. P. & D. Prod.
Co.,* 190 Or 332, 354-356, 225 P2d 757 (1950). There is
no contention in this case that the parties entered into
a new contract respecting the same transaction within
the rule of those cases. If the conduct of the plaintiffs
for a short period after they began to discover the
fraud was inconsistent with the right to rescind their
conduct did not impair in any degree their right to
damages.

■ Plaintiffs alleged two causes of action—one for
common-law fraud and one under the Oregon Securities
Law, ORS Chapter 59. Defendants' second assignment
of error reads as follows:

"Chapter 59 (Oregon Securities Law) did not
prohibit defendant Kathleen McDaniel, in an iso-
lated transaction and not in the course of repeated
and successive transactions from selling her shares
in Shop-Rite Market, Inc. It was error, therefore,
for the court to overrule defendants motion for a
judgment of involuntary nonsuit and not withdraw-
ing plaintiff's second cause of action charging a
violation of Chapter 59."

This assignment of error is based on the assumption
that because the sale of defendants' stock to plaintiff
was an isolated transaction it was exempt from the
Oregon Securities Law. Although there was an ex-

tended colloquy between the trial court and defendants' counsel about the second cause of action, there was no motion for a nonsuit on the ground that the sale of defendants' stock to plaintiffs was not subject to the Oregon Securities Law and there was no motion to withdraw the second cause of action from consideration by the jury. Assuming that the sale involved in this case was an isolated transaction it was not exempt from the fraud provisions of the Oregon Securities Law. The section prohibiting fraud and deceit is ORS 59.135, which provides:

"It is unlawful for any person, directly or indirectly, in connection with the purchase or sale of any security * * *

"(1) To employ any device, scheme or artifice to defraud;

"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading;

"(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person; * * *."

"Person" is defined in ORS 59.015(9) to include

"* * * an individual, a joint venture, a partnership, a cooperative, an association, a joint stock company, a corporation, a trust, an unincorporated organization or a government or political subdivision of a government."

ORS 59.015(11)(a) provides:

" 'Sale' or 'sell' includes every disposition or attempt to dispose of, contract to sell, attempt or offer to sell, exchange of, option for the sale of, solicitation of an offer to purchase, or subscription for, a security or an interest in a security for a consideration, * * *."

■■ In light of these broad definitions, ORS 59.135 on its face clearly covers all sales or attempted sales of securities by anyone, regardless of how isolated the transaction. ORS 59.055 prohibits the sale of, or the offer to sell, unregistered securities unless either the sale or the security is exempt. ORS 59.025 provides that certain securities are exempt from ORS 59.055, and ORS 59.035 provides that certain sales are exempt from ORS 59.055, including

"(2) An isolated transaction not in the course of repeated and successive transactions in this state."

It is quite clear that the exemption provisions relate only to the registration requirements. Chapter 59 contains no specific exemptions from the fraud provisions of ORS 59.135. Moreover, ORS 59.115 provides for the civil liability of

"(1) Any person who:
"(a) Offers or sells a security in violation of the Oregon Securities Law * * *; or
"(b) Offers or sells a security by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading * * *."

There is no reference in this section to the exemption provisions. It is clear that the legislature intended the fraud provisions to apply to all sales of securities, not merely those subject to the registration requirements. There is no merit in defendants' second assignment of error.

The defendants' third assignment of error, based on the denial of their motion for a mistrial, is without merit and needs no comment.

The judgment is affirmed.